UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE DAVIS WILSON, JR.,

    Petitioner,

v.

    Case No. 2:14-cv-14921
    Hon. Denise Page Hood
    United States District Judge

STEVEN RIVARD,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY AND HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE [Dkt. 5] AND ADMINISTRATIVELY CLOSING CASE**

This is a habeas corpus case filed by a Michigan prisoner incarcerated at the Alger Maximum Correctional Facility. Petitioner was convicted in the St. Clair Circuit Court of controlled substance and firearm offenses resulting in a 10-to-40 year sentence. Petitioner alleges that his appellate counsel raised only Fourth Amendment claims during his state court direct appeal. His motion for a stay asserts that he has additional claims of ineffective assistance of trial and appellate counsel that have not been presented to the state courts. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to exhaust his new claims.

1

## I. Background

According to the petition, Petitioner filed an appeal of right in the Michigan Court of Appeals, raising Fourth Amendment claims. The state appellate court affirmed. *People v. Wilson*, No. 308330 (Mich. Ct. App. June 4, 2013). Petitioner sought leave to appeal in the Michigan Supreme Court, but his application was denied. *People v. Wilson*, No. 147506 (Mich. Sup. Ct. January 31, 2014). Petitioner filed the instant petition on December 29, 2014.

## II. Discussion

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a

federal court. *Id*.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as Petitioner has done, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(*citing Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Because of concerns posed by the statute of limitations, the Court will stay the petition pending exhaustion of his new claims. However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir.

2002).

This tolling is conditioned upon Petitioner diligently pursuing relief in the state courts by filing a motion for relief from judgment in the trial court within sixty days of this order, pursuing a timely appeal in the state courts if the motion is denied, and then returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

### III. Order

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance (**Dkt. 5**) is **GRANTED** and the petition for writ of habeas corpus shall be held in abeyance pending the completion of Petitioner's state application for post-conviction review. This tolling is conditioned upon Petitioner filing a motion to reopen this case and re-filing his habeas petition–using the case number already assigned to this case–within sixty days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that a copy of this order be served on the Michigan Department of Attorney General, Appellate Division.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 29, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager